**SCHAFFER LAW OFFICES**
1021 MAIN, SUITE 1440
HOUSTON, TEXAS 77002
(713) 951-9555
(713) 951-9854 (FAX)

Josh Schaffer, P.L.L.C.
Elizabeth Stukes
*Of Counsel*

josh@joshschafferlaw.com
www.schafferfirm.com
www.joshschafferlaw.com

March 10, 2017

Lyle W. Cayce
Office of the Clerk
United States Court of Appeals for Fifth Circuit
600 S. Maestri Place
New Orleans, LA  70130

Re:  USA v. Sharon Iglehart, MD
     No. 16-20261

Dear Mr. Cayce:

The Court heard oral argument in this case on March 7, 2017.  Appellant files this letter pursuant to Rule of Appellate Procedure 28(j) to address a question presented by Judge Barksdale that the Government had not raised in its brief.

Judge Barksdale asked whether appellant preserved the sentencing issue for appeal where she did not object *during* the sentencing hearing to the methodology used to calculate the loss amount or to the sentence imposed.  ROA.2785-90, 2811-15.  Counsel responded that she did not need to object during the hearing because she objected to the proposed loss calculation in her written objections to the PSR, which cited cases discussing the methodology that district courts must use to calculate healthcare fraud losses.  ROA.12032 (citing *United States v. Valdez*, 726 F.3d 684, 696 (5th Cir. 2013); *United States v. Isiwele*, 635 F.3d 196, 203 (5th Cir. 2011)).  The district court overruled that objection.  ROA.2787.

*Valdez* and *Isiwele* held that, when preserved, this Court reviews the district court's method of determining loss *de novo*.  *Valdez*, 726 F.3d at 696; *Isiwele*, 635 F.3d at 202.  Appellant's written objections to the PSR and citations to *Valdez* and *Isiwele* preserved the issue of *methodology* and entitle her to *de novo* review.  *See United States v. Neal*, 578 F.3d 270, 272-73 (5th Cir. 2009) (defendant's written objection to PSR preserved claim for appeal).  "For preservation purposes, we have never required a defendant to reiterate an objection simply because the trial court misconstrues or fails to respond to the original.  The central inquiry is the specificity and clarity of the initial objection, not the defendant's persistence in seeking relief."  *Id.* at 272-73.  An argument may be refined on appeal if its essence was fairly presented in the district court. *United States v. Garcia-Perez*, 779 F.3d 278, 282 (5th Cir. 2015).  This Court should review this issue *de novo* because appellant notified the district court that she objected to the methodology of calculating loss by citing cases in her written objections that discuss how a district court should calculate healthcare fraud losses.

Please bring this letter to the Court's attention.

2

Sincerely,

/S/ Josh Schaffer
Josh Schaffer

JS/vg

cc:  Amanda B. Harris
     David Isaak

## **CERTIFICATE OF COMPLIANCE**

This letter complies with the word limitation of FED. R. APP. P. 28(j) because the body of the letter contains 349 words.

/S/ Josh Schaffer
Josh Schaffer